UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLA P.,[1]<br><br>                Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>                Defendant. | Case No.: 3:24-cv-01708-W-VET<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>[Doc. No. 2] |

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g) (2022)] will refer to any non-government parties by using only their first name and last initial."

## I. INTRODUCTION

On September 25, 2024, Plaintiff Perla P. ("Plaintiff") filed this action, seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her application for Supplemental Security Income benefits ("Complaint"). Doc. No. 1. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") under 28 U.S.C. § 1915. Doc. No. 2. For the reasons stated below, the Court **GRANTS** the IFP Application and **DISMISSES** the Complaint with leave to amend.

## II. DISCUSSION

### A. IFP Application

Except for writ of habeas corpus applications, all parties instituting a civil action, suit, or proceeding in a United States district court must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). An action may proceed without paying the filing fee only if the party is granted *in forma pauperis* ("IFP") status. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

To proceed IFP, an applicant does not need to be "absolutely destitute" but must adequately prove her indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets which shows inability to pay initial fees or give security." CivLR 3.2.a. The affidavit proving indigence should allege "that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also Jefferson v.*

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); *see also* U.S. Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id*.

*United States*, 277 F.2d 723, 725 (9th Cir. 1960) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Here, Plaintiff demonstrates she is entitled to IFP status. In support of the IFP Application, Plaintiff represents that she has no income other than public assistance over the past year, no employment history in the prior two years, and does not expect any future income. Doc. No. 2. at 1–2. Plaintiff further represents that she has no assets, uses what public assistance she receives to pay rent, and has "almost no money left" available to pay the filing fee. *Id.* at 4–5. Plaintiff's reported monthly expenses are rent, food, and transportation, estimated at $319. *Id.* Considering the information in the affidavit, the Court finds that Plaintiff does not have the ability to pay the $405 filing fee under § 1915(a).

**B.     Mandatory Screening under 28 U.S.C. § 1915(e)**

Complaints filed by any person proceeding IFP are subject to mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all [IFP] complaints, not just those filed by prisoners"); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners") (internal citation omitted). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 12-cv-00973-SMS, 2012 U.S. Dist. LEXIS 90042, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits."). Pursuant to Section

1915(e), a complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126.

As an initial matter, the Court finds that the Complaint is not frivolous or malicious. Nor does it seek relief against a defendant who is immune. Plaintiff identifies a decision issued by the Commissioner that she seeks to appeal, a summary basis for the appeal, and a valid statutory basis for the Complaint. Doc. No. 1 at 1–3. Further, the Commissioner is not immune from the relief requested, namely reversal of the Commissioner's decision or remand for further administrative proceedings. To the contrary, the Social Security Act expressly authorizes federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing on which [the plaintiff] was a party." 42 U.S.C. § 405(g).

Determining whether a complaint states a plausible claim for relief is a context-specific task. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleading standard governing most civil actions is set forth in Federal Rule of Civil Procedure 8(a), which provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, in the context of a Social Security action, the Court applies the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules") to determine whether the Complaint states a claim for relief. *See* Supplemental Rule 1(a) ("These rules govern an action under 42 U.S.C. § 405(g) for review on the record of a final decision of the Commissioner of Social Security that presents only an individual claim."); *see also* 2022 Advisory Committee Note to Supplemental Rules (noting that Supplemental Rules 2, 3, 4, and 5 supersede the corresponding rules on pleading, service, and presenting the action for decision); *see also Randy M. v. O'Malley*, No. 24-cv-03396-PHK, 2024 U.S. Dist. LEXIS 111956, at *5 (N.D. Cal. June 25, 2024) ("Supplemental Rule 2(b) sets forth the currently applicable minimum pleading requirements for Social Security complaints under

these Supplemental Rules."); *Landon H. v. O'Malley*, No. 24-cv-0991-DEB, 2024 U.S. Dist. LEXIS 108200, at *2 (S.D. Cal. June 17, 2024) (applying Supplemental Rule 2 to Social Security complaint).

Specifically, Supplemental Rule 2 states that a complaint appealing the decision of the Commissioner *must*:

(A)  state that the action is brought under § 405(g);
(B)  identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;
(C)  state the name and the county of residence of the person for whom benefits are claimed;
(D)  name the person on whose wage record benefits are claimed; and
(E)  state the type of benefits claimed.

Supplemental Rule 2(b)(1)(A)–(E). Further, a complaint "may include a short and plain statement of the grounds for relief." Supplemental Rule 2(b)(2).

Here, Plaintiff meets four of the five pleading requirements in Supplemental Rule 2. First, Plaintiff identifies Section 405(g) in the caption of the Complaint. Doc. No. 1 at 1. Second, Plaintiff identifies both the relevant Beneficiary Notice Control Number provided by the Commissioner and the final decision of the Commissioner subject to review. *Id.* at 1–3. Third, Plaintiff provides her name and states that she resides in Imperial, CA, a city within Imperial County and within this Court's jurisdiction. *Id.* at 1. Fourth, Plaintiff states the type of benefits claimed, namely Supplemental Security Income benefits. *Id.* at 2. The Complaint, however, fails to name the person on whose wage record benefits are claimed, or alternatively specify that Plaintiff is claiming benefits on her own wage record.

When a plaintiff fails to meet the mandatory pleading requirements of Supplemental Rule 2, leave to amend, not dismissal, is appropriate. *See* 2022 Advisory Committee Note to Supplemental Rules. Thus, the Court finds that the Complaint does not survive screening under 28 U.S.C. § 1915(e)(2)(B) and dismisses the Complaint with leave to amend.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's IFP Application. Doc. No. 2. And following mandatory screening under § 1915(e)(2)(B), the Court **DISMISSES** the

1 | Complaint **with leave to amend**. Plaintiff shall file an amended complaint on or before
2 | **November 29, 2024**.
3 |       **IT IS SO ORDERED**.

5 | Dated: November 14, 2024

Honorable Valerie E. Torres
United States Magistrate Judge